**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DAVID MONTRELL CARROLL**                                                                       **PLAINTIFF**
**ADC #161566**

**v.**                                      **Case No. 4:26-cv-00258-KGB-JTK**

**M. MILLER,** *et al.*                                                                           **DEFENDANTS**

**ORDER**

Before the Court are the Proposed Findings and Recommendations ("First Recommendation") submitted by United States Magistrate Judge Jerome T. Kearney on May 15, 2026 (Dkt. No. 15), the Proposed Findings and Recommendations submitted by Judge Kearney on May 25, 2026 (Dkt. No. 16) ("Second Recommendation"), plaintiff David Montrell Carroll's amended complaint (Dkt. No. 11), and Carroll's motion for prospective injunction/relief (Dkt. No. 12).

**I.      First Recommendation**

After Judge Kearney filed the First Recommendation, Carroll filed two affidavits (Dkt. Nos. 17; 18). In the first affidavit, Carroll states that he has continued to be seen for various illnesses and conditions such as his hand injury, a bruised foot, and a stomach hernia (Dkt. No. 17). Carroll goes on to recount a discussion he had on May 21, 2026, with non-party nurse Bates (*Id.*). Carroll does not address the First Recommendation in the affidavit (*Id.*). In Carroll's second affidavit, Carroll states that he does not object to the First Recommendation and that he would like to continue with his case (Dkt. No. 18).

Therefore, after careful consideration, the Court approves and adopts the First Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 15). The Court dismisses without prejudice Carroll's: (1) equal protection claims; (2) due process claims; (3)

retaliation claims, except those asserted against M. Miller; (4) deliberate indifference claims, except those asserted against Miller, K. Earnest, and Carl Lewis; and (5) official capacity claims. Having dismissed these claims, the Court terminates defendants Arkansas Department of Correction, Bell, Aundrea Culclager, Shannon Fitzgerald, and Well Path Medical Services, Inc. from this case.

## II.     Second Recommendation

No party has objected to the Second Recommendation, and the time to do so has passed. Therefore, after careful consideration, the Court adopts the Second Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 16).  The Court denies without prejudice Carroll's motion for prospective injunction/relief (Dkt. No. 12).  As the Second Recommendation explains, to proceed with the claims Carroll raises in his motion for prospective injunction/relief, Carroll must exhaust his administrative remedies and may need to file a new complaint to name as defendants the individuals involved in the actions about which Carroll complains.

## III.    Conclusion

For the foregoing reasons, the Court:

(1)     adopts the First Recommendation in its entirety (Dkt. No. 15);

(2)     dismisses without prejudice Carroll's:  (1) equal protection claims; (2) due process claims; (3) retaliation claims, except those asserted against Miller; (4) deliberate indifference claims, except those asserted against Miller, Earnest, and Lewis; and (5) official capacity claims;

(3)     terminates defendants Arkansas Department of Correction, Bell, Culclager, Fitzgerald, and Well Path Medical Services, Inc. from this case;

(4)     adopts the Second Recommendation in its entirety (Dkt. No. 16); and

(5)    denies without prejudice Carroll's motion for prospective injunction/relief (Dkt. No. 12).

Certain of Caroll's claims are allowed to proceed, as identified in the First Recommendation (Dkt. No. 15).

It is so ordered this 22nd day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge